# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In re:** | |
| **VIOLET J. VANSICKLE,** | **Bankruptcy Case No. 05-04226** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

      Bert L. Osborn, Payette, Idaho, Attorney for Debtor.

      Lois Murphy, Boise, Idaho, Chapter 7 Trustee.

## Background

      The Chapter 7 Trustee Lois Murphy ("Trustee") objected to Debtor Violet Vansickle's homestead exemption claim asserted under Or. Rev. Stat. § 18.395 in the proceeds from the sale of her residence.[1] The Court conducted a

---

[1] Debtor resides in Malheur County, Oregon, so the proper venue for this case is the District of Oregon. *See* Or. L.B.R. 5001-2(A)(1)(b) (requiring petitions in cases arising in Malheur County to be filed in the Portland office of the Bankruptcy Court for the District of Oregon). However, under a long-standing arrangement approved by the United States Judicial Conference and the courts involved, the bankruptcy court in the District of Idaho exercises concurrent jurisdiction over cases arising in Malheur County.

MEMORANDUM OF DECISION - 1

hearing concerning Trustee's objection on March 8, 2006, at which time the Debtor elected to forego presentation of testimony and to submit the issues based solely on her written submissions. Trustee agreed to this procedure, the parties provided brief oral arguments, and the Court took the matter under advisement. This Memorandum constitutes the Court's findings of fact, conclusions of law, and disposition of the matter. Fed. R. Bankr. P. 7052; 9014.[2]

**Facts**

Neither party disputes the essential facts concerning Debtor's homestead exemption claim.

Debtor sold her home at 205 E. 3rd St. in Ontario, Oregon on or about December 8, 2004. As part of the transaction, the buyers executed a promissory note in Debtor's favor for $27,000 that was secured by a deed of trust on the home. Debtor receives monthly payments of $521.99 on the note balance.

---

Therefore, when a Malheur County resident files a bankruptcy petition in Portland, the clerk of the Oregon Bankruptcy Court assigns a number to that case and it is transferred to the Clerk in Boise for processing. *See* Idaho L.B.R. 5005.1. This procedural discussion is included to assist the reader in understanding why Oregon, not Idaho, homestead laws are implicated in this contest.

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, and this Court's Local Bankruptcy Rules, Rules 1001.1–9034.1, as promulgated and enacted prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

The note matures on January 16, 2010, but Debtor may require prepayment. *See* Brief at 3, Docket No. 18.

On October 6, 2005, ten months after the sale of her home, Debtor filed a chapter 7 petition. In it, she disclosed that she currently lives at 447 SE 3rd St. in Ontario, Oregon. She claimed an interest in the E. 3rd St. house as "co-owner" on Schedule A in the amount of $23,927.74, the amount presumably due on the note. Debtor claimed that interest exempt on Schedule C under Oregon's homestead exemption statute, Or. Rev. Stat. § 18.395. Docket No. 1. Debtor is elderly, and her only income is social security and the monthly note payments, which totals $1,445.00 per month. Schedule I, Docket No. 1.

Trustee's objection to Debtor's homestead exemption claim, filed on November 30, 2005, asserts that the statute is inapplicable to the note proceeds in this case because the asset is "not a home, [but] a contract of sale." Docket No. 14.

## Disposition

Oregon has "opted-out" of the federal bankruptcy exemptions; its citizens are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Or. Rev. Stat. § 18.300. Under Oregon law, debtors are permitted to claim a homestead exemption. Or. Rev. Stat. § 18.395. The homestead exemption statutes

MEMORANDUM OF DECISION - 3

are to be liberally construed in favor of the debtor. *Sticka v. Casserino* (*In re Casserino*), 379 F.3d 1069, 1072 (9th Cir. 2004) (applying Oregon law and citing *In re Banfield's Estate*, 298 P. 905, 907 (Or. 1931)). As the objecting party, Trustee bears the burden of proving the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

The relevant date for determining the status of a homestead exemption claim is the date the bankruptcy petition is filed. 11 U.S.C. § 522(b)(2)(A); *Culver, L.L.C. v. Chiu* (*In re Chiu*), 266 B.R. 743, 751 (9th Cir. BAP 2001). *See also White v. Stump*, 266 U.S. 310, 313–14 (1924) ("The point of time which is to separate the old situation from the new . . . is the date when the petition is filed . . . ."). The commencement of the bankruptcy case also creates a bankruptcy estate that is comprised of "all legal or equitable interests of the debtor." 11 U.S.C. § 541(a)(1). Debtor's rights under the promissory note and to collect payments are property of her bankruptcy estate, subject to her right to claim those rights as exempt under applicable state law.

Oregon's homestead statute provides:

> A homestead shall be exempt from sale on execution, . . . to the amount in value of $30,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. . . . The homestead must be the actual abode of and occupied by the

MEMORANDUM OF DECISION - 4

> owner, or the owner's spouse, parent or child, <u>but the
> *exemption shall not be impaired by*</u>:
> (1) (a) Temporary removal or temporary absence with
> the intention to reoccupy the same as a homestead;
> (b) Removal or absence from the property; or
> (c) *The sale of the property.*
> (2) *The exemption shall extend to the proceeds derived
> from such sale to an amount not exceeding $30,000 . . .
> if the proceeds are held for a period not exceeding one
> year and held with the intention to procure another
> homestead therewith.*
> (3) The exemption period under subsection (1)(b) and
> (c) of this section shall be one year from the removal,
> absence or sale, whichever occurs first.

Or. Rev. Stat. § 18.395 (emphasis added). Trustee does not dispute that the amounts due under the note in this case constitute "proceeds" derived from the sale of Debtor's principal residence for purposes of this statute.[3] Rather, Trustee contends that the exemption statute simply does not apply to proceeds received in the form of monthly payments under a note. But Trustee is incorrect.

In *In re Earnest*, 42 B.R. 395 (Bankr. D. Or. 1984), the Court considered whether two chapter 7 debtors who received the buyers' promissory notes as consideration for the prebankruptcy sale of their homes could claim the

---

[3] Debtor's position on this point is not clear. She claims an ownership interest in the house under the deed of trust, but the statute would only protect the money due under the note as proceeds because Debtor no longer lives in the house.

MEMORANDUM OF DECISION - 5

payments made under the notes exempt under the Oregon homestead law.[4] The due date on the notes the debtors received in connection with the sales were more than one year later. In the meantime, and within one year of the sales, the debtors each filed chapter 7 cases and claimed the note proceeds exempt under Oregon law.

After the one year period expired, the trustee objected to the exemption claims. The Oregon bankruptcy court denied the debtors' exemptions and ordered the note payments turned over to the trustee on the basis that the proceeds from the sale of the houses (i.e., the note payments) had not been reinvested within the one year period allowed by Oregon law. *In re Earnest*, 42 B.R. at 401; *see also*, *Winchester v. Watson* (*In re Winchester*), 46 B.R. 492, 494 (9th Cir. BAP 1984) (affirming the decision of the bankruptcy court that the debtor, who sold his house during the pendency of a chapter 13 case and later converted to chapter 7, failed to reinvest proceeds from the note received from the sale within one year and could not exempt the note proceeds under the Oregon homestead statute).

While the debtors' exemption claims were ultimately rejected in *Earnest*, the decision implicitly endorses the notion that payments to a debtor

---

[4] The court's decision discusses Or. Rev. Stat. § 23.240. That statute was renumbered as § 18.395 in 1999, but otherwise unchanged.

MEMORANDUM OF DECISION - 6

under a promissory note received in connection with the sale of a homestead may be exempt under § 18.395, provided the reinvestment requirement can be met. Trustee has cited no authority to the contrary. Indeed, whether the sale proceeds received by a debtor from selling a homestead are in cash or in the form of future payments seems insignificant in this context. In either event, the money derived from such a sale would be available to a debtor to purchase a new homestead. Therefore, the Court rejects Trustee's unsupported argument that the Oregon homestead statute does not apply to proceeds in the form of a promissory note.

But, given the case law, the Court's inquiry can not end here under these facts. As noted, the Oregon statute includes a reinvestment requirement (sometimes referred to as a "sunset" provision) that requires a debtor who sells a homestead to use the proceeds within one year to purchase another residence. Otherwise, according to the Oregon bankruptcy court, the exemption terminates. *In re Earnest*, 42 B.R. at 399. The court in *Earnest* explained that the statute requires the debtor to "have a bona fide present intent to invest the proceeds in another homestead *and in fact to reinvest those proceeds in a new homestead within a year of their receipt.*" *Id.* at 397 (citing *Winchester*, 46 B.R. at 496 and *In re Monks*, No. 382-01595 (Bankr. D. Or. Dec. 13, 1982)) (emphasis added). While exemptions are usually determined as of the date the petition is filed, the

MEMORANDUM OF DECISION - 7

bankruptcy court distinguished *White v. Stump* because, in that case and others relying upon it, the applicable exemption statute did not contain, as an integral part of the law, "a condition whose nature required an initial view from the future before a decision could be made on the allowance of the exemption." *Id.* at 398 The sale of the homestead, which occurred prior to the bankruptcy filing, triggered the reinvestment requirement. Consequently, the court reasoned it could not "avoid, after a year's passage, a judicial inquiry to determine if the debtor either receives or keeps, as the case may be, the exemption." *Id.* at 399. *Cf. In re Parks*, 96.2 I.B.C.R. 64, 66 (Bankr. D. Idaho 1996) (noting that the result would be different depending upon whether the sale occurred pre- or postpetition).

The Ninth Circuit seems to hold the same view in interpreting similar statutes. In *England v. Golden* (*In re Golden*), 789 F.2d 698 (9th Cir. 1986), the court considered whether a chapter 7 debtor who sold his home and held the proceeds in the form of cash on the date of his bankruptcy filing could continue to claim the money as exempt after California's six-month reinvestment period had lapsed without reinvestment. The court held that, under California law, the proceeds reverted to the trustee and recognized in its decision that the same result would occur under other state exemption statutes, specifically mentioning Oregon. *Golden*, 789 F.2d at 702. *See also Gaughan v. Smith* (*In re Smith*), BAP

MEMORANDUM OF DECISION - 8

No. AZ-05-1163-SKMo (9th Cir. BAP Apr. 7, 2006) (holding that the chapter 7 debtor lost his exemption in proceeds from the sale of his house under Arizona's homestead statute when he failed to reinvest them within the statutory period).[5]

This discussion of the case law is important in this case for two reasons. First, it appears that on November 30, 2005, the date Trustee's objection to Debtor's exemption claim was filed, Debtor still had a few days remaining in the one-year reinvestment period, which was due to expire on December 8, 2005. However, Trustee offered no evidence at the hearing to show Debtor either did not intend to reinvest the note proceeds in another homestead, nor to prove that Debtor had not, in fact, done so prior to the date the exemption expired. In other words, on the basis of this record, Debtor's exemption was apparently proper and Trustee did not satisfy her burden under Rule 4003(c) to show otherwise. *See In re Golden*, 789 F.2d at 701 (explaining that the exemption remained in effect during

---

[5] While Rule 4003(b) requires objections to debtor's exemption claims to be made within thirty days after the § 341 meeting of creditors is concluded or an amended exemption list is filed, that requirement will not likely prevent a trustee from recovering the note proceeds once the exemption expires. The Ninth Circuit explained in *Golden* that, even though the trustee's objection to the exemption fell outside of the thirty day objection period, the trustee was not prevented from compelling turnover of the funds once the reinvestment period expired. *In re Golden*, 789 F.2d at 701. *See also Smith*, slip op. at 3, 11 (explaining that the trustee's turnover motion to obtain proceeds from the sale of the homestead after the proceeds had lost their exempt status was procedurally proper). The trustee may also seek additional time under Rule 4003(b) within which to object if there is the possibility that an exemption may lapse. *In re Earnest*, 42 B.R. at 400–401.

MEMORANDUM OF DECISION - 9

the reinvestment period, and that the trustee therefore had no grounds upon which to object until it expired without reinvestment).

Second, however, based upon the arguments presented by the parties at the March 8 hearing, it was apparent, even if not proven, that Debtor had not reinvested the note proceeds. If that is true, Debtor's exemption had terminated by the hearing date, and Trustee may succeed to Debtor's interest in the note.

## Conclusion

On this record, Trustee has not shown that Debtor's exemption was not properly claimed. Therefore, an order will be entered overruling Trustee's objection. However, that order will be without prejudice to the right of Trustee to seek turnover of the note proceeds if Debtor's exemption has indeed expired because she failed to reinvest the note proceeds in a new homestead within one year of the sale.

Dated: May 1, 2006

Honorable Jim D. Pappas
United States Bankruptcy Judge